AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*November 07, 2025*

Nathan Ochsner, Clerk of Court

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| WALTER LEONEL PEREZ RODRIGUEZ | ) | **4:25-mj-680** |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 3, 2025_____ in the county of _____Harris_____ in the
_____Southern_____ District of _____Texas_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Count One: 18 U.S.C. § 111(a)(1) & (b). | Count One: Assaulting, resisting, or impeding a federal officer causing bodily injury, in violation of 18 U.S.C. § 111(a)(1) & (b). |
| | See Attachment A, incorporated herein by reference. |

This criminal complaint is based on these facts:

See attached affidavit of probable cause.

☑ Continued on the attached sheet.

_Nicholas C. Regini_
*Complainant's signature*

FBI SA Nicholas C. Regini
*Printed name and title*

Sworn to before me and signed in by telephone.

Date:    _November 7, 2025_

_Yvonne Y. Ho_
*Judge's signature*

City and state:    _____Houston, Texas_____

Hon. Yvonne Y. Ho, U.S. Magistrate Judge
*Printed name and title*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| | **Case No. 4:25-mj-680** |
| v. | |
| **WALTER LEONEL PEREZ RODRIGUEZ,** | |
| Defendant. | |

### Affidavit in Support of a Criminal Complaint

I, Nicholas C. Regini, being duly sworn, state under oath that:

### Introduction and Agent Background

1.      I am an investigative or law enforcement officer within the meaning of Section 2510 (7) of Title 18, United States Code, that is an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses against the United States.

2.      My name is Nicholas C. Regini ("Affiant"), and I have been employed as a Special Agent of the FBI since August 2016. I am assigned to the Houston Division, Violent Crime Task Force and investigate violations of federal statutes within the jurisdiction of the FBI and have received specialized training in assaults on federal officers provided by the FBI. Through training, education, and experience, I have become familiar with the manner in which violent crimes are committed and the efforts of persons involved in such activity to avoid detection by law enforcement.

### Purpose of Affidavit

3.      The facts in this affidavit come from my personal observations, training, and experience, and information obtained from other law enforcement officers and witnesses. This

1

affidavit is made for the limited purpose of supporting a criminal complaint and arrest warrant and only intended to show that there is sufficient probable cause for the crime charged and does not set forth all my knowledge about this matter.

4.     Based on the facts as set forth in this affidavit, there is probable cause to believe that on or about November 3, 2025, **WALTER LEONEL PEREZ RODRIGUEZ**, committed the offense of assault of a federal officer causing bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

<u>**Facts Supporting Probable Cause**</u>

5.     On November 4, 2025, in the Southern District of Texas, Homeland Security Investigations Agent David Rosenau and I interviewed Victim—a United States Immigration and Customs Enforcement ("ICE") deportation officer with the Department of Homeland Security ("DHS") and employee of the United States; Witness 1—a United States ICE deportation officer with DHS and employee of the United States; and Witness 2—a United States Custom and Border Protection officer with DHS and employee of the United States. Victim, Witness 1, and Witness 2 were in Houston, Texas, conducting surveillance of individuals known to ICE to be illegal immigrants based on immigration status. During the surveillance, Witness 1 saw two Hispanic males walk outside of an apartment building and enter a Chevrolet Tahoe SUV parked in front of the building. Witness 1 conducted a search of the Tahoe SUV license plate within an ICE database, which identified the owner of the vehicle to be illegally in the United States.

6.     Witness 1 was in his government vehicle and Witness 2 and Victim were riding together in Witness 2's government vehicle. They followed the Tahoe SUV out of the apartment complex onto Goodson Drive approximately one block away and performed a law enforcement stop near the corner of Goodson Drive and Chipman Lane in Houston, Texas. Witness 1 and

Witness 2 activated their red and blue lights in their government vehicles as the Tahoe SUV was pulling over to the side of the road. Witness 1 and Witness 2 positioned their vehicles so the Tahoe SUV could not drive forward or backward. Instantly, the Tahoe SUV's driver and passenger doors opened, and the two Hispanic males ran from the scene. Victim was in the law enforcement vehicle directly behind the Tahoe SUV and stepped out saying, "Stop, police."

7.      The Hispanic male from the passenger side of the Tahoe SUV was approximately eight feet away from the Victim when the Hispanic male threw a 32-ounce stainless steel mug filled with hot coffee at Victim. Victim fell to the ground and blacked out. Victim felt his face and neck burning and saw a lot of blood coming from his mouth. As he slowly regained consciousness, Victim also smelled coffee on his clothes and saw the 32-ounce mug on the floor near him.

8.      During the law enforcement stop, Witness 1 saw the driver of the Tahoe SUV flee the scene and at the same time, heard a "ting" sound of a steel mug hitting something. Witness 1 looked towards the sound and saw the Victim on the floor with blood coming from the Victim's mouth. Witness 1 also noticed coffee splatter on Witness 2's vehicle. Additionally, Witness 1 and Witness 2 saw the Hispanic male run back towards the apartment complex.

9.      Witness 1 and Witness 2 pursued after the Hispanic male, while yelling, "Stop, police." Witness 1 and Witness 2 arrested the Hispanic male approximately 30 feet away from the incident near the corner of Goodson Drive and Chipman Lane.

10.      Witness 1 and Witness 2 secured the Hispanic male in the back seat of Witness 1's government vehicle. Victim was transported to the hospital by Witness 2 where Victim was treated for second degree burns on his neck and arms. Also, Victim had a laceration on his upper lip and received 18 stitches.

11.     Witness 1 transported the Hispanic male to an ICE office, located in Houston, Texas, and ICE officers were able to identify the Hispanic male through an ICE database search as **WALTER LEONEL PEREZ RODRIGUEZ**. Additionally, **WALTER LEONEL PEREZ RODRIGUEZ** confirmed his name to the ICE officers.

12.     Based on the foregoing facts, I believe that probable cause exists for the issuance of a complaint and arrest warrant for **WALTER LEONEL PEREZ RODRIGUEZ**, for assault of a federal officer causing bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b).


*Nicholas C. Regini*
_____
Nicholas C. Regini
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me telephonically this 7th day of November 2025, and I find probable cause.


_____
HONORABLE YVONNE Y. HO
United States Magistrate Judge
Southern District of Texas

4

# ATTACHMENT A

### COUNT ONE
*Assaulting, Resisting, or Impeding a Federal Officer*

On or about November 3, 2025, in the Southern District of Texas, the defendant, **WALTER LEONEL PEREZ RODRIGUEZ**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. § 1114, to wit: Victim, a United States Immigration and Customs Enforcement deportation officer with the Department of Homeland Security, while that person was engaged in and on account of the performance of official duties, and caused physical contact and inflicted bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) & (b).